UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 13-CV-61165-WJZ

DANIEL BENARROCH,

        Plaintiff,

vs.

PHELAN HALLINAN, PLC,

        Defendant.

_____/

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, DANIEL BENARROCH, ("Plaintiff") by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L. R. 56.1, hereby responds to Defendant, PHELAN HALLINAN, PLC's ("Defendant") Motion for Summary Judgment. [D.E. 8].

**I. INTRODUCTION**

The action before this Court arose from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Specifically, Plaintiff seeks the remedies as provided in the FDCPA for Defendant's false, deceptive, and misleading representations made in connection with the collection of Plaintiff's alleged debt. Defendant's Motion for Summary Judgment is premised on inadmissible hearsay and focuses entirely on the wrong section of the FDCPA.

**II.     RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff does not dispute the facts in paragraph 1.

2. Plaintiff does not dispute the facts in paragraph 2.

3. Plaintiff does not dispute the facts in paragraph 3.

4. Plaintiff does not dispute the facts in paragraph 4.

5. Plaintiff does not dispute the facts in paragraph 5.

### III. BACKGROUND

Defendant was retained to pursue a foreclosure action against Plaintiff in the Circuit Court in and for Broward County. In the process of collecting on said debt, Defendant delivered to Plaintiff a notice attached to the foreclosure complaint entitled "Notice Required By the Fair Debt Collection Practices Act" ["The Notice"], which contained false, deceptive, and misleading representations. [D.E. 5-2]. In his one-count Amended Complaint, Plaintiff alleged that "At all times material hereto, PHELAN HALLINAN regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6)" [D.E. 5 at ¶ 5], and that "Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, was a Promissory Note secured by a mortgage on Plaintiff's primary residence." [Id. at ¶ 11].

Plaintiff seeks redress under §1692e(10) which prohibits debt collectors form using false, deceptive, and misleading representations in an attempt to collect on a debt. Specifically, Plaintiff alleged that the Notice misstates the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA in two distinct ways: The notice does not qualify the entity that may assume the debt to be valid, and the Notice states that a dispute of the debt must be in writing. [D.E. 5 at ¶ 25, D.E. 5-2].

### IV. MEMORANDUM OF LAW

#### A. Standard of Review

A motion for summary judgment pursuant to Rule 56 may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant first "bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "After the moving party has met the initial burden of showing that there is no genuine issue of material fact to be decided by trial, the burden shifts to the nonmoving party to demonstrate that there is a material issue of fact at trial. Matsushita *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). The court then must decide "whether the evidence presents a sufficient disagreement to require submissions to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp. v. N. Crossarm Co., 357 F. 3d 1256, 1260 (11th Cir. 2004).

### B.  **Plaintiff has Established a *prima facie* Violation of the FDCPA**

In order to establish a prima facie case against a party for violations of the FDCPA, Plaintiff must demonstrate: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector under the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Sanz v. Fernandez, 633 F.Supp.2d 1356, 1359 (S.D. Fla. 2009). It is well established that attorneys and law firms may be considered "debt collectors" as that term is defined by the FDCPA even when engaged in litigation. Heintz v. Jenkins, 514 U.S. 291 (1995).

In the instant matter, the first two elements are not in dispute. Defendant has admitted it is a "debt collector" as that term is defined by the FDCPA. [D.E. 7 at ¶¶ 5, 8[1]]. Similarly, although Defendant attempts to state otherwise in its motion, Defendant has admitted it was

---

[1] Defendant admitted the allegation in Paragraph 5 of Plaintiff's Amended Complaint which states: At all times material hereto, PHELAN HALLINAN regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6). Defendant also admitted the allegation in paragraph 8 of Plaintiff's Amended Complaint which states: At all times material hereto, PHELAN HALLINAN, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

attempting to collect a debt. [D.E. 7 at ¶¶ 11, 13, 16, 17[2]]. Thus the sole question before this Court is whether the one paragraph that misrepresents §1692g(a)(3) is a "false, deceptive, or misleading representation or means in connection with the collection of any debt" that is prohibited by §1692e(10).

In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Brown v. Budget Rent-A-Car Syss., Inc., 119 F.3d 922, 924 (11th Cir. 1997) (per curiam). The FDCPA does not ordinarily require proof that a debt collector intentionally violated the act and, as a result, it is described by some as a strict liability statute. See 15 U.S.C. § 1692k; LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010) (citing Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2nd Cir.2010)). Available remedies under the FDCPA include actual damages, the potential for additional damages up to $1,000 subject to the Court's discretion, and reasonable costs and attorney's fees. 15 U.S.C. § 1692k(a)(1)-(3).

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; Leblanc, 601 F.3d 1185, 1193 (citing Sparks v. Phillips & Cohen Assocs., Ltd., 641 F.Supp.2d 1234, (6th Cir. 2008))(explaining the "gist of § 1692e" as a requirement that any "aspect of a debt collector's communication-whether explicit or implied-[that] has the purpose or effect of making a debtor more likely to respond ..." is, in fact, true.)

Courts in the Eleventh Circuit use a "least sophisticated consumer" standard to determine

---

[2] Defendant admitted the allegation in Paragraph 16 of Plaintiff's Amended Complaint which states: On or about April 11, 2012, Defendant caused to be served upon Plaintiff a summons and complaint *seeking to collect an alleged debt from Plaintiff.* (emphasis added.) Paragraph 17 which was also admitted state: In the Complaint, Defendant sought to collect for its client the amount due on a promissory note allegedly signed by Plaintiff.

whether conduct violates the FDCPA under 1692e. LeBlanc, (*citing* Jeter v. Credit Bureau Inc., 760 F.2d 1168, 1175–77 (11th Cir. 1985)). This standard is an objective standard, which requires the Court to analyze "whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices." Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1298 (M.D. Fla. 2001) (citing Jeter, 760 F.2d at 1175).

### C. §1692e(10) is at issue—not §1692g(a)

Defendant veers off course right out of the gate. Defendant states in the very first line of its Argument section, "[t]he portion of the FDCPA upon which Plaintiff claims a violation is what regulates the initial debt collection communication with a consumer with respect to validation of a debt …" . [D.E. 8 at 2]. In fact, Plaintiff's claim would not be affected if the subject Notice was Defendant's first communication with Plaintiff or its 100th. The violation is premised on Defendant's misrepresenting the legal standard set forth in §1692g(a)(3) which happens to govern a debt collector's first communication with a borrower. Moreover, in his original complaint, Plaintiff did indeed include a count for §1692g(a)(3). However, once Plaintiff reviewed Defendant's original affirmative defenses [D.E. 3], he did not include that count in his Amended Complaint. Further, Plaintiff even stated directly in his Amended Complaint that he conceded that the Notice was not an initial communication. "The Notice, allegedly required under the § 1692g of the FDCPA, is in fact not required at all. This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). *See* 15 U.S.C. § 1692g(d)" [D.E. 5 ¶ 21]. *See generally,* Camacho v. Bridgeport Fin., Inc., 430 F.3d 1078, 1079 (9th Cir. 2005) (finding that defective dunning letter violated both §1692g and §1692e); Baez v. Wagner & Hunt, P.A., 442 F. Supp. 2d 1273, 1274 (S.D. Fla. 2006) (same).

Defendant attached two letters in support of its arguments. [D.E. 8-1; D.E. 8-3]. However, the letters are inadmissible hearsay. Although Defendant attempted to authenticate the

letter via affidavit [D.E. 8-5], Defendant has not given any explanation as to how the Court may even consider D.E. 8-1 or D.E. 8-3. In any event, because the letters are irrelevant to the discussion, Defendant's argument with regards to the Statute of Limitations is likewise irrelevant as the violation is premised on the Notice attached to the foreclosure complaint.

### D.  Defendant was collecting on a debt

As stated above, Defendant has already admitted that the foreclosure was an attempt to collect a debt. In its motion, Defendant now asserts that it can not be liable because a foreclosure is not debt collection activity. [D.E. 8 at 3]. However, a party may attempt to collect a debt at the same time it is enforcing a security instrument. It is true that Defendant also sought to enforce a security instrument – the Mortgage; however, Defendant also sought to collect on a debt – the Promissory Note. [D.E. 7 ¶¶ 16, 17]. The Eleventh Circuit has held that these two actions are not mutually exclusive and that attempts to collect a debt and to enforce a security interest can occur simultaneously. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012).

In Reese, the Eleventh Circuit Court of Appeals rejected a similar argument by a law firm defendant arguing that it was not engaged in debt collection, and explained:

> The rule the Ellis law firm asks us to adopt would exempt from the provisions of § 1692e any communication that attempts to enforce a security interest regardless of whether it also attempts to collect the underlying debt. That rule would create a loophole in the FDCPA. A big one. In every case involving a secured debt, the proposed rule would allow the party demanding payment on the underlying debt to dodge the dictates of § 1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured.

Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1217–18 (11th Cir. 2012) (internal citations omitted).

In Reese, the Eleventh Circuit made it apparent that an entity that regularly attempts to collect debts can be a "debt collector" beyond § 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest. In Birster, the Eleventh Circuit explained its holding in Reese:

> Although *Reese* dealt with the applicability of § 1692e, the practical effect of the case is to overrule the reasoning relied on by the district court, since *Reese* allowed the enforcer of a security interest to be held liable under the FDCPA beyond § 1692f(6). *Reese* provides that an entity can both enforce a security interest and collect a debt, and constitutes binding precedent on this point.

Birster v. American Home Mortgage Servicing, Inc., 481 Fed.Appx. 579, 582 (11th Cir. 2012).

Even assuming, arguendo, that Defendant only sought to foreclose on Plaintiff's home and *sell* the house at auction, this also constitutes debt collection. The Sixth Circuit recently highlighted this issue:

> *[E]very* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.,* obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt). As one commentator has observed, the existence of redemption rights and the potential for deficiency judgments demonstrate that the purpose of foreclosure is to obtain payment on the underlying home loan. Such remedies would not exist if foreclosure were not undertaken for the purpose of obtaining payment. See Eric M. Marshall, Note, *The Protective Scope of the Fair Debt Collection Practices Act: Providing Mortgagors the Protection They Deserve From Abusive Foreclosure Practices,* 94 Minn. L.Rev. 1269, 1297–98 (2010). Accordingly, mortgage foreclosure is debt collection under the FDCPA.

Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461 (6th Cir. 2013)(emphasis in original).

Other Circuits courts have also found that foreclosure can also be deemed debt collection. *See* Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006)( "a "debt" remain[s] a "debt" even after foreclosure proceedings commenced."); Piper v. Portnoff Law

Assocs., 396 F.3d 227, 234 (3d Cir. 2005) ("The fact that the [Pennsylvania Municipal Claims and Tax Liens Act] provided a lien to secure the Pipers' debt does not change its character as a debt or turn PLA's communications to the Pipers into something other than an effort to collect that debt."); Gburek v. Litton Loan Servicing LP, 614 F. 3d 380, 386 (7th Cir. 2010); Kaltenbach v. Richards, 464 F.3d 524, 528 (5th Cir. 2006); Romea v. Heiberger & Assocs., 163 F.3d 111, 116 (2d Cir.1998) (concluding that an eviction notice required by statute could also be an attempt to collect a debt); *See also* Bourff v. Lublin, 674 F.3d 1238 (11th Cir. 2012) and Shoup v. McCurdy & Candler, LLC, 465 Fed.Appx. 882 (11th Cir. 2012).

Further, Defendant's reliance on Warren v. Countrywide Home Loans, Inc., 342 F.App'x 458, 460-61 (11th Cir. 2009) is misplaced. *See* Santiago v. Everbank, 2013 WL 1176074 (N.D. Ala. March 19, 2013)(the holding in Warren has subsequently been called into question. Cf. Birster, 481 Fed. Appx. at 582); Hope v. BSI Financial, Inc., 2012 WL 5379177 (N.D. Ala. 2012)(same).

In Vega v.McKay, 351 F.3d 1334, 1337 (11th Cir. 2003)(per curiam), the Eleventh Circuit's discussion was limited to whether an attorney's filing of a complaint package constituted an *initial communication* for purposes of 15 U.S.C. §1692g(a)–and nothing else. To construe Vega's holding beyond that would otherwise render the Supreme Court's holding in Heintz meaningless. *See also* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573 (2010)(holding that attorney pursuing mortgage foreclosure on behalf of mortgagor was subject to FDCPA as a debt collector). The argument put forth by Defendant, if true, would insulate *every* communication from an attorney concerning a residential foreclosure. This is not what the Eleventh Circuit intended in Vega as noted by the Eleventh Circuit's recent ruling in Reese. It should also be noted that the Eleventh Circuit's ruling in Vega has been rendered somewhat superfluous (if not obsolete) since it predates the 2006 amendment to the FDCPA and it is now unequivocally clear that only **"a formal pleading in a civil**

**action" is exempt for purposes of §1692g(a)**. 15 U.S.C. § 1692g(d)(emphasis added).

Defendant also relies upon multiple unpublished decisions in an attempt to rewrite §1692g of the Fair Debt Collection Practices Act. In <u>Acosta v. Campbell</u>, 309 Fed.Appx. 315 (11th Cir. 2009)(unpublished), the Court held that counsel to counsel communications were exempt from the FDCPA. This is factually dissimilar from the matter at bar which involves a communication from a debt collector to a consumer. The rationale in <u>Acosta</u> was later followed in <u>Clark v. Shapiro and Pickett, LLP</u>, 452 Fed.Appx. 890 (11th Cir. 2012)(unpublished). However, according to the Eleventh Circuit's Internal Operating Procedures, the panel designates a case as 'unpublished' when it believes that the case has no precedential value. The Eleventh Circuit permits courts in its jurisdiction to cite unpublished decisions as persuasive authority but reliance on them is disfavored. *11th Cir. R. 36–3, IOP 6*.

Defendant also cites an unpublished District Court decision which predates the published Eleventh Circuit holdings in <u>Reese</u> and <u>Bourff</u>. <u>Robb v. Rahi Real Estate</u>, 2011 WL 2149941 (S.D. Fla. 2011)(unpublished) has no precedential value whatsoever, and to the extent it holds that foreclosure does not qualify as "debt collection" for purposes of the FDCPA, that point has been overruled. *See* <u>Reese v. Ellis, Painter, Ratterree & Adams, LLP</u>, 678 F.3d 1211, 1217–18 (11th Cir. 2012)(holding that letter regarding a foreclosure was "debt collection" subject to the FDCPA irrespective of the fact that it sought to enforce a security interest).

Defendant's effort to ignore the obvious fact that it was attempting to collect on the Promissory Note in addition to enforcing a security interest is precluded by reason, the language of the foreclosure Complaint, its own Notice, and by binding precedent.

### E. There is no writing requirement in §1692g(a)(3)

Tellingly, Defendant does not argue that the disclosure was not deceptive. Defendant merely argues that Defendant couldn't have been deceived because the Notice states "if this notice is the first notice that you have received from this office, please be advised of the

following...". [D.E. 8 at 4]. Defendant proffers that because this wasn't the first communication from the Defendant, Plaintiff was simply to ignore the entire Notice that was attached to the foreclosure that was personally served upon him. In other words, after getting served with a lawsuit that sought to evict him from his home, Plaintiff was supposed to sit down and recall whether he had ever received papers from this particular law firm and even if he did remember that he had received letters from this particular law firm, he was simply to ignore what Defendant presented as the law. Defendant attempts to turn the burden to the Plaintiff to prove that he was actually harmed. However, the Eleventh Circuit has noted that §1692e of the FDCPA "prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Jeter v. Credit Bureau, Inc., 760 F. 2d 1168 (11th Cir. 1985). "The use of 'or' in §1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." Bourff, 674 F. 3d 1238, 1241 (11th Cir. 2012).

The Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, i.e., whether the communication by the debt collector would mislead the "least sophisticated consumer." Jeter v. Credit Bureau, 760 F.2d 1168, 1172-78 (11th Cir. 1985). "Additionally, the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 667 (M.D. Fla. 1999)(citing Avila v. Rubin, 84 F.3d 222, 227 (7th Cir.1996) (plaintiff need not present evidence that consumers were actually misled by the notice, but merely that the notice itself was misleading and contradictory).

Other courts have followed the Eleventh Circuit's lead. "The basic purpose of the least-

sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993); *see also*, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997); U.S. v. National Financial Services, Inc., 98 F.3d 131, 136 (4th Cir. 1996).

The Notice states "*The debt described in the Complaint and evidenced by the copy of the promissory note attached to it will be assumed to be valid unless the Debtor, within thirty (30) days after receipt of this notice, disputes in writing the validity of the debt or some portion thereof*" [D.E. 5-2]. A very similar misrepresentation of §1692g made its way to the United States Supreme Court. In Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S. Ct. 1605 (2010), the United States Supreme Court rejected the debt collector's defense of mistake of law (which it alleged qualified as a "bona fide error" pursuant to §1692k(c)). Like the instant matter, in Jerman, the violation at issue stemmed from the debt collector's statement that the consumer must dispute the debt "in writing" or else it would be assumed to be valid. The FDCPA in fact has no such "in writing" requirement with respect to disputes of consumer debts. Ultimately, the Court reasoned that that it would be counter to the well-understood maxim that ignorance of the law is not an excuse. Id. at 1606. Ms. Jerman was served with a foreclosure complaint which "included a "Notice," later served on Jerman, stating that the mortgage debt would be assumed to be valid unless Jerman disputed it in writing". Id. at 1609. In footnote 3, the Supreme Court "express[ed] no view about whether inclusion of an "in writing" requirement in a notice to a consumer violates § 1692g, as that question was not presented in the petition for certiorari." Id. The Court did, however, cite to a circuit split. Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991) (reading § 1692g(a)(3) to require that "any dispute, to be effective, must be in writing"), and Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1080–1082 (9th Cir. 2005) (under § 1692g(a)(3), "disputes need not be made in writing"). The even split was broken

on May 29, 2013, when the Second Circuit followed <u>Camacho</u>. <u>Hooks v. Forman, Holt, Eliades & Ravin, LLC</u>, 2013 WL 2321409 (2d Cir. 2013). The court listed the four reasons the Ninth Circuit gave for holding there was no writing requirement in §1692g(a)(3):

> In *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir.2005), the Ninth Circuit concluded that a consumer debtor need not send a writing to contest the debt under § 1692g(a)(3). The Ninth Circuit's reasoning centered on four points. First, the court stated that the contrasting explicit writing requirements in § 1692(a)(4) and (a)(5) showed that Congress did not intend to impose a writing requirement under § 1692(a)(3): "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Id. at 1081 (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)) (alteration in *Camacho* ). Second, the court stated that this interpretation was sound because the statute provides for other protections in the event of a dispute, and those protections depend only on whether a debt was disputed, and not on whether there was a prior writing. Id. at 1081–82. For example, once a debt has been disputed, a debt collector cannot communicate the debtor consumer's credit information to others without disclosing the dispute. 15 U.S.C. § 1692e(8). And if the debtor consumer owes multiple debts and makes a payment, the debt collector cannot apply the payment to the disputed debt. Id. § 1692h. Third, the court concluded that the legislative purpose of allowing alleged debtors to question and challenge the initial communication of the collection agency is furthered by permitting oral objections. *Camacho*, 430 F.3d at 1082. Finally, the court stated that its reading—by which some rights can be triggered by an oral dispute, but others required a written statement—would not mislead consumers, as Graziano had suggested it would. Id.
>
> We find the reasoning of the Ninth Circuit more persuasive. The language of § 1692g(a)(3) does not incorporate the writing requirement included specifically in other sections of the same statute. We see no reason to ignore this difference in statutory language. Indeed, giving effect to the difference creates a sensible bifurcated scheme. The right to dispute a debt is the most fundamental of those set forth in § 1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge. Such debtor consumers would also undoubtedly benefit from having their payments applied to the undisputed portion of their debts, in accordance with § 1692h, or having the fact of the dispute reported

> whenever the debt collector communicates with others about the debt, in accordance with § 1692e(8). But such debtor consumers are less likely to benefit from further written notices validating the debt, per § 1692g(a)(4), or naming the original creditor, per § 1692g(a)(5).

Hooks v. Forman, Holt, Eliades & Ravin, LLC, 2013 WL 2321409 at *3 (2d Cir. 2013)

Although the Eleventh Circuit has not yet ruled on this issue, other courts in this district have. The Honorable James Cohn acknowledged that it was an issue of first impression in this circuit in Baez v. Wagner & Hunt, P.A., 442 F. Supp. 2d 1273, 1276 (S.D. Fla. 2006). Judge Cohn followed Camacho, "not find[ing] a sufficient justification for inserting the phrase "in writing" into subsection (a)(3)." Id. Judge Cohn also pointed out that "[t]he majority of district courts mirror the Ninth Circuit's interpretation which states that subsection (a)(3) does not impose a writing requirement on consumers." Id. at *fn*. 2. At least two other courts in the Eleventh Circuit have followed Camacho. In re Turner, 436 B.R. 153, 157–58 (M.D. Ala. 2010); Guerrero v. Absolute Collection Serv., Inc., 2011 WL 8183860 (N.D. Ga. 2011).

*See also* Turner v. Shenandoah Legal Group, *P.C.*, 2006 WL 1685698, *3-5 (E.D.Va. June 12, 2006); Vega v. Credit Bureau Enters., 2005 WL 711657, *7-*9 (E.D.N.Y. Mar. 29, 2005) (citing to numerous cases holding same); Rosado v. Taylor, 324 F.Supp. 2d 917, 929 (N.D. Ind. 2004);. Chung v. National Check Bureau, Inc., 2005 WL 1541030, *3 (S.D. Ind. 2005) (collecting cases and rejecting Graziano: "The weight of authority from other jurisdictions supports the court's conclusion"); Sanchez v. Weiss, 173 F. Supp.2d 1029, 1034 (D. Cal. 2001) ("It seems more reasonable to read the statute as requiring the debt collector to further investigate the claim rather than do nothing); In Re Almodovar, 2011 WL 381742 (D.P.R. Feb. 3, 2011). *But see* Sturdevant v. Thomas E. Jolas, P.C., 942 F.Supp. 426, 429 (W.D. Wis. 1996); Castillo v. Carter, 2001 WL 238121 (S.D. Ind. 2001); Ingram v. Corporate Receivables, Inc., 2003 WL 21018650 (N.D. Ill. May 5, 2003).

Aside from the cases cited above, Defendant's Notice is especially troubling because it was attached to a complaint for foreclosure. Pursuant to Fla. R. Civ. P. 1.140, the complaint required a written response. By stating that any dispute must be in writing, a consumer may easily be led to believe that his/her written dispute to the law firm is a sufficient response to the complaint.

Alternatively, by stating that dispute must be in writing, a consumer may easily be led to believe that the written dispute is a sufficient written response to the Court. The Court may very likely deem the written dispute letter an Answer. Once a consumer has filed an Answer, they have waived many of their legal rights, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; (3) the right to file a motion to dismiss; and (4) are consequently more vulnerable to any attempted summary judgment motion filed by Defendants. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violates 15 U.S.C. 1692e(10)

### F. Defendant failed to qualify which entity may assume the debt to be valid

Defendant's statement in the Notice that "*the debt ... will be assumed to be valid unless the Debtor ...*" is deceptive because even if the debt was not disputed within thirty days, the debt would be assumed valid only by the *debt collector*. See 1692(g)(a)(3). By asserting that the debt would be assumed to be valid without adding any qualification, the least sophisticated consumer could easily believe that if he or she had missed the 30-day deadline, a court of law would deem the debt valid. Most recently, Judge Alan Gold analyzed a similar issue in <u>Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.</u>, 12-62371-CV, 2013 WL 3192038 (S.D. Fla. June 24, 2013). There, the debt collector wrote that the debt would be assumed valid by the *creditor*, as opposed to the *debt collector*. <u>Id</u>. at *2. Even in that case, Judge Gold found a violation of §1692e(10).

The court cited to a number of cases that analyzed notices that omitted the word 'debt collectors'. Id., citing Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A., 2011 WL 4499100 (S.D. Fla. 2011); Orr v. Westport Recovery Corp., 2013 WL 1729578 at *5 (N.D. Ga. April 16, 2013); Guerrero v. Absolute Collection Serv., Inc., 2011 WL 8183860, at *4 (N.D. Ga. 2011); Philip v. Sardo & Batista, P.C., 2011 WL 5513201, at *4–5 (D. N.J. 2011); Harlan v. NRA Grp., LLC, 2011 WL 500024, at *3 (E.D. Pa. 2011); Pierce v. Carrington Recovery Servs., LLC, 2009 WL 2525465, at *1–3 (W.D. Pa. August 17, 2009); Galuska v. Collectors Training Inst. of Ill., Inc., 2008 WL 2050809, at *3–6 (M.D. Pa. May 13, 2008); Nelson v. Select Fin. Servs., Inc., 430 F.Supp.2d 455, 457–458 (E.D. Pa. 2006); Smith v. Hecker, 2005 WL 894812, at *6 (E.D.Pa. Apr. 18, 2005).

In Galuska v. Collectors Training Institute of Illinois, Inc., 2008 WL 2050809 (M.D. Pa. May 13, 2008), a debt collector sent a collection letter with nearly identical language to the language in the instant Notice stating that, "[u]nless you notify this office within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, this debt will be assumed to be valid." Id. at *1. According to the consumer, the statement was misleading because it did not indicate that absent the debtor's notice, the debt would be assumed to be valid "by the debt collector."  In ruling in the debt collector's motion to dismiss, the Court found that a validation of debt notice without the phrase "*by the debt collector*" or equivalent language does not inform the least sophisticated debtor as to *who* will be assuming the debt to be valid, and thus the least sophisticated debtor could be misled into believing that the debt would be assumed valid by an entity *other than the debt collector*. Id. at *4-5.

In the end, the Court ruled that the plaintiff stated a claim for which relief could be granted under the FDCPA, and thus denied the debt collector's motion to dismiss. The court reasoned that the failure to include "by the debt collector" or words such as "we" or "this office"

in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity. Id.

The Galuska court relied on the rationale laid out in Smith v. Hecker, 2005 WL 894812 (E.D. Pa. 2005). There, the court held that the "omission of 'by the debt collector' would lead a least sophisticated debtor to believe that unless she disputes the validity of the debt ... her debt will be ... determined to be valid by a court, credit reporting agency, or other entity of authority [or] imposed upon her using a valid procedure....". Id. at *6. Both the Galuska and Smith courts looked to the subject notices as a whole to see if the borrower could infer from the rest of the notice that is was the debt collector who would assume the debt to be valid. Although not stated explicitly in the opinion, it is fair to infer that both cases dealt with notices that were on the letterhead of a law firm or debt collector as both cases dealt with "g-notices". Even in the case of a notice on a letterhead, both courts denied the debt collectors motions to dismiss.

Conversely, here, the defective notice was attached to a legal pleading. If the courts found that the same language in the form of a mere letter would leave the consumer to be unsure as to who would assume the debt to be valid, *a fortiori* where the misleading language is contained in a legal pleading – no less than a complaint. Even a sophisticated consumer may reasonably believe that it is the court that would consider the debt valid if not disputed with 30 days.

Other courts have come to the same conclusion when analyzing similar language. *See* Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A., 2011 WL 4499100 (S.D. Fla. 2011)("Plaintiff alleges Defendant violated the FDCPA by failing to include language required under section 1692g; specifically, 'the debt will assumed to be valid *by the debt collector.*' As pled, the Complaint adequately alleges a violation of section 1692g."); Orr v. Westport Recovery Corp., 2013 WL 1729578 at *5 (N.D. Ga. April 16, 2013)("Whether or not the Judgment must be

assumed to be valid by the court and other authorities, the statute requires the notice to expressly limit the assumption of the validity to only the debt collector. Defendants failed to do so."); <u>Guerrero v. Absolute Collection Serv., Inc</u>., 2011 WL 8183860 (N.D. Ga. 2011)("Moreover, ACS's failure to limit its statement that any undisputed debt would be assumed valid to the debt collector violates the notice requirements of § 1692g(a)(3) by "making the least sophisticated consumer uncertain as to her rights."); <u>Philip v. Sardo & Batista, P.C.</u>, 2011 WL 5513201 (D.N.J. 2011) (As such, the absence of the term "by the debt collector," or its equivalent here, is a sufficient allegation to survive the standard for a motion to dismiss); <u>Harlan v. NRA Grp., LLC</u>, 2011 WL 500024, at *3 (E.D. Pa. 2011)("Though Defendants need not use the verbiage 'by the debt collector,' courts have held that they must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose.").

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Plaintiff, DANIEL BENARROCH respectfully requests that judgement be entered for Plaintiff and against Defendant and that Plaintiff be awarded statutory damages of $1,000.00, and reasonable attorney's fees and costs.

Respectfully submitted,

*/s/Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar No.  91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite 202
Plantation, FL 33317
Telephone:  (954) 523-4357
Facsimile: (954) 581-2786
chezky@floridaloanlawyers.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on July 8, 2013 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Wendy Stein, Esq.
Keller Landsberg, P.A
500 East Broward Blvd., Suite 1400
Fort Lauderdale, FL 33394
Counsel for Defendant PHELAN HALLINAN, PLC
Service by CM/ECF

        LOAN LAWYERS, LLC
        *Attorneys for Plaintiff*
        377 North State Road 7, Suite 202
        Plantation, FL 33317
        Telephone: (954) 523-4357
        Facsimile: (954) 581-2786

        /s/Yechezkel Rodal
        Yechezkel Rodal, Esq.
        Florida Bar No. 91210
        chezky@floridaloanlawyers.com